UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
**2022 MSPB 40**
Docket No. SF-0714-18-0121-I-1

**Joseph Schmitt,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

December 12, 2022

Joseph Schmitt, Reno, Nevada, pro se.

George Pearson and Steven R. Snortland, Esquire, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1 The agency has filed a petition for review of the initial decision, which reversed the appellant's removal, taken under the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714), because the appellant proved his claims of a due process violation and whistleblower reprisal. For the reasons discussed below, we FIND that the administrative judge erred in awarding interim relief and DENY the appellant's motion dismiss the agency's petition for review for failure to provide

interim relief. We therefore REVERSE the initial decision's order of interim relief. We also DENY the agency's petition for review on the merits and otherwise AFFIRM the initial decision.

## BACKGROUND

¶2     The appellant held the position of Chief Financial Officer at the agency's Greater Los Angeles Healthcare System. Initial Appeal File (IAF), Tab 6 at 11, 18. Effective November 28, 2017, the agency removed the appellant pursuant to 38 U.S.C. § 714 based on a charge of absence without leave (AWOL).[1] *Id.* at 11, 18-20. The appellant filed a Board appeal of his removal and raised, among other things, claims that the agency violated his due process rights and retaliated against him for whistleblowing. IAF, Tab 1, Tab 4 at 7, Tab 8 at 4-6, Tab 9 at 1-3, Tab 21 at 4-5.

¶3     After holding the requested hearing, the administrative judge issued an initial decision reversing the removal action. IAF, Tab 29, Initial Decision (ID). In the initial decision, the administrative judge ruled on a motion for sanctions previously filed by the appellant concerning the agency's alleged failure to comply with its discovery obligations. ID at 4-9. In ruling on the motion, the administrative judge found that the agency demonstrated a pattern of disregarding its obligations in the discovery process and failing to comply with Board orders. ID at 8. As a result, she found that sanctions were warranted to serve the ends of justice. *Id.* Specifically, as a sanction, the administrative judge inferred that communications relating to the appellant from October 10, 2016, through November 28, 2017, between certain individuals identified in the appellant's discovery requests, would reflect that the appellant's report of potential fraud to the agency's Inspector General (IG) in 2016 was a contributing

---

[1] The agency charged that the appellant was AWOL from September 19 through October 27, 2017, following an approved absence under the Family and Medical Leave Act of 1993. IAF, Tab 6 at 22-25, 32-33.

factor in the agency's adverse and disciplinary action decisions taken against the appellant.  ID at 8-9.

¶4    The administrative judge then determined that the agency violated the appellant's due process rights in its decision to remove him.  ID at 9-12. She found that, because the agency failed to make diligent and reasonable efforts under the circumstances to serve notice of the proposed action on the appellant, he did not receive the proposal notice until after the deciding official decided to remove him.  ID at 12.  She concluded that the due process violation required reversal of the removal action without reaching its merits.  ID at 13.

¶5    The administrative judge next found that, although the appellant failed to prove that his alleged disclosure to the IG in 2016 was protected under 5 U.S.C. § 2302(b)(8), the appellant did prove that he engaged in activity protected by 5 U.S.C. § 2302(b)(9)(C), which covers cooperating with or disclosing information to an IG.[2]  ID at 13-15.  The administrative judge further found that the deciding official in the removal action learned of this protected activity approximately 13 months before deciding to remove the appellant.  ID at 15-16. She concluded, therefore, that, based on the knowledge/timing test, the appellant met his burden of showing that his protected activity was a contributing factor in his removal.  ID at 16.  The administrative judge also found that, even if the appellant had not shown contributing factor through the knowledge/timing test, she would have found that he had established contributing factor as a sanction for the agency's repeated failure to comply with Board orders relating to discovery.

---

[2] The administrative judge observed that the appellant appeared to be alleging that he made a protected disclosure when he communicated to the deciding official a prior disclosure to the agency IG.  ID at 15.  The administrative judge found that the communication itself was not protected, although she considered it in determining whether the appellant met his burden to show that his disclosure to the IG was a contributing factor in the agency's removal decision.  *Id.*  Neither party has complained about this finding, nor do we discern a basis upon which to disturb it.

ID at 16. Next, the administrative judge found that the agency failed to demonstrate by clear and convincing evidence that it would have removed the appellant in the absence of his protected activity. ID at 17-20.

¶6 For these reasons, the administrative judge reversed the removal action and ordered the agency to retroactively restore the appellant, effective November 28, 2017. ID at 20-21. She also ordered the agency to provide interim relief if a petition for review was filed by either party. ID at 22 (citing 5 U.S.C. § 7701(b)(2)(A)). Consistent with 5 C.F.R. § 1201.116(a), the administrative judge instructed the agency that a petition for review must be accompanied by a certification that the agency complied with the interim relief order either by providing interim relief or satisfying the requirements of 5 U.S.C. § 7701(b)(2)(A)(ii) and (B). ID at 22.

¶7 The agency has filed a petition for review without any indication that it has complied with the administrative judge's interim relief order. Petition for Review (PFR) File, Tab 1. The appellant filed a response to the petition for review and a motion to dismiss the agency's petition because it failed to provide the interim relief ordered by the administrative judge. PFR File, Tab 3. The agency did not file a reply to the appellant's response to the petition for review, nor did the agency file a response to the appellant's motion to dismiss the petition for failure to provide interim relief. Months later, the appellant filed a motion for enforcement of the interim relief order, asserting that the agency still had not provided interim relief. PFR File, Tab 4. The agency did not respond.

¶8 Thereafter, the Office of the Clerk of the Board issued an Order to Show Cause instructing the agency to file, within 14 days, a statement showing why its petition for review should not be dismissed pursuant to 5 C.F.R. § 1201.116(e), a regulatory provision pertaining to an agency's failure to comply with an interim relief order. PFR File, Tab 5. The order specifically advised the agency that its failure to respond to the show cause order may result in dismissal of its petition for review. *Id.* at 2. The agency did not respond.

ANALYSIS

**The appellant's motion to dismiss the agency's petition for failure to provide interim relief is denied because the provision of interim relief is precluded by the VA Accountability Act, and thus the administrative judge erred in ordering it.**

¶9    As set forth above, the appellant has requested that we dismiss the agency's petition for review based on the agency's failure to comply with the administrative judge's interim relief order.  PFR File, Tab 3 at 5-6, Tab 4 at 4-5.  Despite multiple opportunities to address that issue, the agency failed to do so.  The agency did not present argument or evidence that it complied with the administrative judge's interim relief order, nor did it present argument about the propriety of the interim relief order.  Although we do not condone the agency's failure to respond to the appellant's motions and the Board's order, as explained below, we nonetheless must deny the appellant's motion to dismiss the agency's petition for review.

¶10    The administrative judge's interim relief order relied on 5 U.S.C. § 7701(b)(2)(A).  ID at 22.  That statutory provision was enacted as part of the Whistleblower Protection Act of 1989 (WPA), Pub. L. No. 101-12, § 6, 103 Stat. 16, 33-34 (codified at 5 U.S.C. § 7701(b)(2)).  In pertinent part, it provides that if an employee is the prevailing party in an initial decision and either party files a petition for review, the employee "shall be granted the relief provided in the decision effective upon the making of the decision," and that the relief will remain in effect until resolution of the petition for review.  5 U.S.C. § 7701(b)(2)(A).  When, as in this appeal, an appellant prevails in a removal action, the relief provided in the Board decision is the cancelation of the action and the retroactive restoration of the appellant to his position effective the date of the agency action.  *See, e.g.*, ID at 21.  Thus, except as discussed below, in affording interim relief, an agency must reinstate the appellant to his position effective on the date of the initial decision until the petition for review with the Board is resolved.  *Herrin v. Department of the Air Force*, 95 M.S.P.R. 536, ¶ 14 (2004).  Restoring an appellant to his position necessarily involves providing him

the pay and benefits of employment consistent with the position. *Zygas v. U.S. Postal Service*, 116 M.S.P.R. 397, ¶ 13 (2011) (stating that it is a fundamental element of interim relief that the appellant be reinstated with pay effective as of the date of the initial decision); *O'Regan v. Department of Veterans Affairs*, 74 M.S.P.R. 134, 138 (1997) (stating that the purpose of interim relief is to grant the appellant the pay, compensation, and benefits of the position awarded in the initial decision while the petition for review is pending); *see Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 7 (finding an agency in compliance with an interim relief order when it had taken steps to provide the appellant pay and benefits effective the date of the initial decision). An exception to the requirement that an agency return a prevailing appellant to work when interim relief has been ordered exists if the agency determines that returning the appellant to duty would be unduly disruptive. 5 U.S.C. § 7701(b)(2)(B). In such a circumstance, however, the employee shall nevertheless "receive pay, compensation, and all other benefits as terms and conditions of employment." 5 U.S.C. § 7701(b)(2)(B); *King v. Jerome*, 42 F.3d 1371, 1375 (Fed. Cir. 1994) (stating that an agency complies with the interim relief provision when it determines that returning an employee to duty would cause an undue disruption and "provides the employee with the same pay, compensation, and other benefits of his previous position during the pendency of the agency's petition for review"); *Cook v. Department of the Army*, 105 M.S.P.R. 178, ¶ 6 (2007) (finding that, when interim relief has been ordered and the employing agency determines that returning the employee to the workplace would be unduly disruptive, the agency may satisfy the order by providing the employee with the pay and benefits that the employee would have received if he had been returned to the workplace). In sum, if an administrative judge orders interim relief under 5 U.S.C. § 7701(b)(2), an agency must reinstate the appellant to his position of record and provide him with the pay and benefits of employment consistent with the position.

¶11     By contrast, the VA Accountability Act provides that, from the date a covered individual appeals a removal taken under 38 U.S.C. § 714 until the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issues a final decision on the appeal, the individual "may not receive any pay, awards, bonuses, incentives, allowances, differentials, student loan repayments, special payments, or benefits related to the employment of the individual by the [agency]." 38 U.S.C. § 714(d)(7). Because interim relief includes pay and other benefits of employment, 38 U.S.C. § 714(d)(7) conflicts with 5 U.S.C. § 7701(b)(2) regarding whether an appellant removed under the VA Accountability Act may be afforded interim relief while a petition for review is pending.

¶12     The Supreme Court has held that "[w]hen there are two acts upon the same subject, the rule is to give effect to both if possible." *Morton v. Mancari*, 417 U.S. 535, 551 (1974) (quoting *United States v. Borden Company*, 308 U.S. 188, 198 (1939)); *see Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 15 (applying the doctrine in a Board appeal). An intention by Congress to repeal a statute "must be clear and manifest." *Morton*, 417 U.S. at 551. "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Id.*; *Wilson*, 2022 MSPB 7, ¶ 15. Thus, we must determine whether 38 U.S.C. § 714(d)(7) and 5 U.S.C. § 7701(b)(2)(A) may both be given their intended effect.

¶13     A long-standing rule of statutory construction dictates that adjudicators must view the plain language of a statute as controlling absent a clearly contrary legislative intent. *Miller v. Department of the Army*, 987 F.2d 1552, 1555 (Fed. Cir. 1993). In enacting 38 U.S.C. § 714(d)(7), Congress expressly precluded an appellant who appealed his removal to the Board under section 714 from receiving pay or benefits of employment until the Federal Circuit renders a final decision in the appeal, which spans the time period during which interim relief

would apply. Thus, the plain language of 38 U.S.C. § 714 appears to create an exception to the general interim relief provision of 5 U.S.C. § 7701(b)(2)(A).

¶14    Additionally, it is well settled that specific statutory language aimed at a particular situation ordinarily controls over general statutory language. *Coffman v. Office of Special Counsel*, 2022 MSPB 18, ¶ 31; *Bergman v. Department of Transportation*, 101 M.S.P.R. 607, ¶ 6 (2006); *see Almond Brothers Lumber Company v. United States*, 651 F.3d 1343, 1354 (Fed. Cir. 2011). Therefore, the specific language regarding payments by the Department of Veterans Affairs in removals taken under the VA Accountability Act controls over the more general statutory provision applicable to other removals and other Federal agencies.

¶15    The Board recently addressed the conflict between another provision of the VA Accountability Act and 5 U.S.C. § 7702(e)(2) regarding the time limit for an employee to file a mixed-case appeal with the Board following the filing of a discrimination complaint with the individual's employing agency. *Wilson*, 2022 MSPB 7, ¶¶ 11-25. In that case, the Board found that the two statutes were capable of coexistence and should, therefore, be interpreted accordingly—the time limit set forth in 5 U.S.C. § 7702(e)(2) applied in actions taken under 38 U.S.C. § 714 when the appellant first filed a formal discrimination complaint with the agency, while the time limit set forth in 38 U.S.C. § 714(c)(4)(B) applied in  actions taken under section 714 when the appellant did not file a formal discrimination complaint. *Id.*, ¶¶ 15-19. Our interpretation of the conflicting statutes at issue in this appeal is consistent with this approach. Because it is possible to give meaning to both 38 U.S.C. § 714(d)(7) and 5 U.S.C. § 7701(b)(2)(A), we will do so.

¶16    We find that 38 U.S.C. § 714(d)(7) controls in this matter and precludes an award of interim relief. Accordingly, the administrative judge's interim relief order was invalid, and the agency's failure to comply with it does not impede our review of the agency's petition for review. *Schultz v. U.S. Postal Service*,

[70 M.S.P.R. 633](#), 639 n. 2 (1996) (finding that the Board will not dismiss an agency's petition for review for failure to comply with an interim relief order that should not have been issued); *see Zygas*, [116 M.S.P.R. 397](#), ¶ 13 (stating that there are circumstances in which the awarding of interim relief is inappropriate, such as when doing so is outside the scope of the Board's authority). The appellant's motion to dismiss the agency's petition for review is denied.

<u>The agency's petition for review presents no basis for disturbing the administrative judge's findings of a due process violation.</u>

¶17    As noted previously, the administrative judge found that the agency violated the appellant's constitutional due process rights when it failed to provide him with advanced notice and an opportunity to respond to the proposed removal.[3] ID at 3, 9-12. The agency challenges that finding on petition for review. PFR File, Tab 1 at 2-3, 5-7.

¶18    The fundamental rights of due process require that a tenured public employee receive oral or written notice of the charges against him, an explanation of the agency's evidence, and an opportunity to respond, either in person or in

---

[3] The administrative judge found that the agency acted improperly even before the appellant's removal when it sent a letter to the appellant's work address denying his request for additional leave, stating that he had been AWOL for several days, and ordering his return to duty. ID at 2, 18; IAF, Tab 6 at 32-33. The administrative judge observed that by sending this letter to the appellant's work address—where the appellant was not in attendance—the agency failed to inform the appellant that his request for additional leave had been denied and that he was considered AWOL. ID at 18. The administrative judge based this finding on the letter itself, which is included in the record and is addressed to the appellant's place of work. IAF, Tab 6 at 32. On review, the agency states that the return to work letter was sent to the appellant's home address of record, not to the appellant's work address as indicated by the administrative judge. PFR File, Tab 1 at 2, 5-6. The agency has pointed to no record evidence in support of this claim, such as a copy of the envelope in which the letter was purportedly sent or a declaration from the individual who actually mailed the letter. The unsupported statements of the agency's representative are insufficient to show that the administrative judge erred in this regard. *See, e.g.*, *Coffman*, [2022 MSPB 18](#), ¶ 37 n.8 (stating that statements of a party's representative in a pleading are not evidence); *Hendricks v. Department of the Navy*, [69 M.S.P.R. 163](#), 168 (1995) (same).

writing. *Cleveland Board of Education v. Loudermill*, [470 U.S. 532](#), 538-39, 546-48 (1985). An agency's failure to provide these rights deprives a tenured employee of his property right in his employment. *Id.* at 546. The Board has held that to meet its obligations under *Loudermill* to provide advanced notice prior to effecting a removal action, an agency must make diligent and intelligent efforts such as might reasonably be adopted by one desirous of actually informing the employee. *Yinat v. Department of the Army*, 101 M.S.P.R. 328, ¶¶ 21-22 (2005); *Givens v. U.S. Postal Service*, [49 M.S.P.R. 374](#), 378 (1991).

¶19    Here, as found by the administrative judge, the appellant did not receive notice of his proposed removal until a day on which he came to his workplace and the agency presented him with the proposal and decision letters at the same time, with an effective date a week later. ID at 3; IAF, Tab 6 at 18-20, 22-26. Thus, the appellant did not have notice and an opportunity to respond to his proposed removal. Days later, the U.S. Postal Service returned the mailed proposal notice to the agency as undeliverable. IAF, Tab 15 at 18. The agency nevertheless proceeded to effectuate the removal action. IAF, Tab 6 at 11. The administrative judge explained that, although the agency had successfully communicated with the appellant during his Family and Medical Leave Act of 1993 protected absence via email, telephone, and text message on his Government-issued telephone, the agency sent the proposed removal exclusively to an old post office box that no longer belonged to the appellant. ID at 3, 9-12; IAF, Tab 6 at 22-25, Tab 15 at 18. Although that mailing address was apparently in one agency system, the administrative judge found that other agency systems contained different mailing addresses for the appellant. ID at 3, 9. It is undisputed that the appellant updated his address in some of the agency's systems. ID at 3, 9 n.1.

¶20    The agency does not dispute these facts on review. PFR File, Tab 1. Instead, the agency challenges the administrative judge's determination that the agency's limited and unsuccessful efforts to notify the appellant of his proposed removal fell short of what was required to satisfy its due process obligations.

*Id.* at 5-7. The agency states that it acted with due diligence and that it was "unreasonable" for the administrative judge to suggest that it should have notified the appellant of his proposed removal by telephone, email, or fax. *Id.* at 5. The agency further argues that it was the appellant's responsibility to update his address in the particular system the agency relied upon for mailing his proposed removal.[4] *Id.* at 6.

¶21    We are not persuaded that the agency met its due process obligations. We agree with the agency that an employee is generally responsible for keeping his employing agency apprised of any changes in address. 5 C.F.R. § 1201.22(b)(3); *see Marcantel v. Department of Energy,* 121 M.S.P.R. 330, ¶ 5 (2014). We also acknowledge that a sealed, properly addressed letter that is deposited in the U.S. Mail with postage prepaid gives rise to a rebuttable presumption that the letter reached the addressee in due course of the mails. *Geier v. Department of the Treasury*, 90 M.S.P.R. 186, ¶ 6 (2001). Neither of those doctrines controls this appeal, however. The proposed removal in this case was returned to the agency as undeliverable because it was not properly addressed. IAF, Tab 15 at 18. Thus, there can be no presumption that it reached the appellant. In addition, as noted, the undisputed evidence of record shows that the appellant updated his address in some of the agency's human resources systems. The appellant is not responsible for the agency having multiple human resources record systems containing differing addresses for the appellant that the agency failed to reconcile before sending the proposed removal to an address that was outdated. This is especially so because the agency had repeatedly and successfully communicated with the

---

[4] In its petition for review, the agency addresses the relationship between its various online record systems for employees to update their address. PFR File, Tab 1 at 6. The agency fails to point to record evidence supporting its claims and, as stated previously, statements of a representative in a pleading are not evidence. *See Coffman*, 2022 MSPB 18, ¶ 37 n.8; *Hendricks*, 69 M.S.P.R. at 168. In any event, the agency's arguments do not show that the administrative judge erred.

appellant through various other means during his absence and because the agency learned that its limited efforts of notifying the appellant of his proposed removal were unsuccessful *before* effectuating the removal action.[5]  ID at 3, 9-12; IAF, Tab 6 at 11, Tab 15 at 18.

The agency's petition for review presents no basis for disturbing the administrative judge's finding of reprisal for whistleblowing.

¶22    Turning to the appellant's whistleblower reprisal claim, the agency has shown no error in the initial decision.  PFR File, Tab 1.  When whistleblower retaliation claims are made in the context of an otherwise appealable action, as here, the appellant must prove by preponderant evidence that he made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the personnel action at issue.  *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 49.  If the appellant makes this showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the personnel action absent the protected disclosure or activity.  *Id.*  If the agency fails to meet its clear and convincing evidentiary burden, the Board shall grant the appellant corrective action. 5 U.S.C. § 1221(e)(1)-(2).

¶23    The administrative judge found that the appellant presented a prima facie case of whistleblower reprisal.  ID at 15-16.  In particular, she first found that the appellant engaged in activity protected under 5 U.S.C. § 2302(b)(9)(C) by reporting potential fraud to the agency's IG.  ID at 15; *see Pridgen*, 2022 MSPB 31, ¶ 62 (finding that disclosing information to an IG is protected).  The

---

[5] The agency asserts in its petition for review that it had no way of knowing before rendering a decision on the removal action that the appellant had not received the proposal notice.  PFR File, Tab 1 at 5.  However, by its own admission, the agency was aware that the proposal notice had not been received before the effective date of the removal.  *Id.*; IAF, Tab 6 at 11, Tab 15 at 18.  Thus, the agency could have rescinded the decision notice and taken steps to ensure that the appellant was provided the required due process before removing him.

administrative judge next found that the appellant satisfied the contributing factor criterion through the knowledge/timing test because the deciding official knew of the appellant's protected activity and the removal action occurred approximately 13 months after the appellant's protected activity.[6]  ID at 15-16; *Wilson*, 2022 MSPB 7, ¶ 41 (stating that the contributing factor element can be shown if the personnel action occurred within 1 to 2 years after the protected disclosure).

¶24    On review, the agency does not dispute that the appellant engaged in activity protected by 5 U.S.C. § 2302(b)(9)(C) or that it was a contributing factor in his removal.  Instead, the agency states that the administrative judge's determination that the appellant presented a prima facie case of whistleblower reprisal "is simply not relevant."  PFR File, Tab 1 at 4.  We disagree with the agency's assertion that the appellant having established a prima facie case of whistleblower reprisal is not relevant.[7]  Nothing in the VA Accountability Act suggests that the whistleblower protection statutes do not apply to actions taken under 38 U.S.C. § 714.  *See Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1345-48 (Fed. Cir. 2022) (affirming the Board's determination on a whistleblower affirmative defense when the action was taken under section 714); *Bannister v. Department of Veterans Affairs*, 26 F.4th 1340, 1341-43 (Fed. Cir. 2022) (same)[8]; *Wilson*, 2022 MSPB 7, ¶¶ 4, 35-69 (granting corrective action for

---

[6] Alternatively, as noted above, the administrative judge indicated that she would have found that the contributing factor criterion was satisfied as a sanction for the agency's failure to comply with discovery orders.  ID at 8-9, 16.

[7] In support of its assertion that the appellant's whistleblowing was not relevant, the agency appears to argue that the agency's IG reviewed the appellant's allegations during the summer of 2017.  PFR File, Tab 1 at 4.  The agency has not explained how the status of the IG's review of the appellant's complaint has any relevance to the question of whether the agency took a personnel action in reprisal for the complaint.

[8] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues.  However, pursuant to the All Circuit Review Act (Pub. L. No. 115-195, 132 Stat. 1510), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any

whistleblower reprisal when the agency took an action under section 714). In fact, section 714(d)(5)(A) recognizes that a Board decision may be appealed to "any court of appeals of competent jurisdiction pursuant to subsection (b)(1)(B)" of 5 U.S.C. § 7703, which covers cases involving allegations of prohibited personnel practices, including reprisal for whistleblowing, described at 5 U.S.C. § 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D).

¶25    Because the administrative judge found that the appellant established a prima facie case of whistleblower reprisal, the burden shifted to the agency to establish by clear and convincing evidence that it would have taken the same action in the absence of the appellant's IG complaint. In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected activity, the Board will consider all of the relevant factors, including the following factors ("*Carr* factors"):  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see also Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole. *Soto*, 2022 MSPB 6, ¶ 13.

---

circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

¶26    The administrative judge analyzed these factors and first found that the strength of the evidence in support of the removal action weighed only slightly in the agency's favor, because some evidence in support of its removal action was strong but some other aspects of the evidence was weak.  ID at 17-19.  She next found that the agency had a significant motive to retaliate, noting that the record showed that when the appellant told his supervisor, the medical center director, that he disclosed potential fraud to the IG, she was not pleased and instructed him not to go to the IG in the future without alerting her first.  ID at 19.  The administrative judge concluded that, given the significant public scrutiny that the agency has been under, it was plausible that the medical center director would be frustrated that a senior-level employee, such as the appellant, would involve the IG without first notifying her.  ID at 19.  The agency has pointed to nothing on review causing us to question the administrative judge's sound findings regarding the first two *Carr* factors.

¶27    Turning to the third *Carr* factor—whether the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated—the administrative judge found that the agency presented no evidence that it removed similarly situated nonwhistleblowers.  ID at 20.  On review, the agency argues that the administrative judge's suggestion that other similarly situated employees would not have been removed "is pure conjecture and not true."  PFR File, Tab 1 at 4.  The agency, however, points to no evidence that the administrative judge failed to consider and, as stated previously, the statements of the agency's representative are not evidence.  *See Coffman*, 2022 MSPB 18, ¶ 37 n.8; *Hendricks*, 69 M.S.P.R. at 168.  Furthermore, contrary to the agency's suggestion, it is the agency's burden to prove that it would have taken the same action in the absence of the protected activity.  *Soto*, 2022 MSPB 6, ¶ 18.  The agency does not have an affirmative burden to produce evidence concerning each and every *Carr* factor, including *Carr* factor three, but the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the

analysis, and may well cause the agency to fail to prove its case overall. *Id.* The agency has presented no evidence that there were no similarly situated nonwhistleblowers.[9] Thus, given the lack of evidence presented by the agency, we find that *Carr* factor three does not weigh in favor of the agency. Considering all of the *Carr* factors, we find that the agency failed to meet its burden of proving by clear and convincing evidence that it would have taken the same personnel action absent the appellant's protected activity.

## ORDER

¶28    We ORDER the agency to cancel the removal and to restore the appellant effective November 28, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶29    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶30    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

---

[9] In *Soto*, we recognized that there may be situations in which there are no valid comparator employees and that this would be relevant to the *Carr* factor three analysis. *Soto*, 2022 MSPB 6, ¶ 18 n. 9. In this case, the agency has not presented such evidence.

¶31    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶32    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST
CONSEQUENTIAL AND/OR COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

NOTICE TO THE PARTIES

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.