## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CASEY HAYS,
                    Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DE-0752-23-0078-I-1

DATE: July 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Casey Hays, Commerce City, Colorado, pro se.

Alexander R. Rivera, Esquire, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which upheld his removal based on a charge of unacceptable conduct and found that he did not prove any of his affirmative defenses. On petition for review, the appellant challenges the administrative judge's finding that the agency did not violate his due process rights based on its service of the notice of proposed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

removal. Petition for Review (PFR) File, Tab 3. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant does not explicitly challenge the administrative judge's decision to sustain the charged misconduct,[2] her findings that the agency proved nexus and the reasonableness of the removal penalty, or her conclusion that he did not prove his disability discrimination or harmful procedural error claims. PFR File, Tab 3 at 4-10. We discern no error with the administrative judge's analysis of these issues, and we affirm her findings in these regards.

---

[2] The appellant asserts that he can provide copies of communications between himself and the recipients of the text messages "to dispute arguments made in their statements for this case," and he explains that he did not previously provide this documentation because he thought they were "irrelevant." PFR File, Tab 3 at 4. These arguments are not persuasive. Importantly, the appellant was on notice that the administrative judge would adjudicate the unacceptable conduct charge, and the record has closed. Initial Appeal File, Tabs 7, 14; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (stating that the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence).

¶3    The only issue before the Board is whether the agency's service of the notice of proposed removal comported with due process.[3]  The fundamental right of due process requires that a tenured public employee receive oral or written notice of the charges against him, an explanation of the agency's evidence, and an opportunity to respond, either in person or in writing.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546-48 (1985); *Schmitt v. Department of Veterans Affairs*, 2022 MSPB 40, ¶ 18.  An agency's failure to provide these rights deprives a tenured employee of his property right in his employment.  *Loudermill*, 470 U.S. at 546; *Schmitt*, 2022 MSPB 40, ¶ 18.  The Board has held that to meet its obligations under *Loudermill* to provide advanced notice prior to effecting a removal action, an agency must make diligent and intelligent efforts such as might reasonably be adopted by one desirous of actually informing the employee.  *Schmitt*, 2022 MSPB 40, ¶ 18.  An appellant's claim that an agency violated his due process rights is an affirmative defense, which he must prove by preponderant evidence.  *Helman v. Department of Veterans Affairs*, 856 F.3d 920, 937 (Fed. Cir. 2017); *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶¶ 10-11 (2013); 5 C.F.R. § 1201.56(b)(2)(i)(C).

¶4    The appellant argues, for the first time on review, that he received "incorrectly addressed mail"—a July 13, 2020 notice of the due process interview, which was sent to the Josephine Street address—because he "managed the zip code where [the Josephine Street address and the Cook Street address] are located," "the carrier knew [him] personally," and the "mail carrier delivered it to the correct address [on Cook Street] as mail carriers are required to make every reasonable effort to deliver mail where they know it should be delivered."  PFR File, Tab 3 at 4.  It is significant that the appellant admits on review that he received the July 13, 2020 notice to report for an investigative interview, which listed Josephine Street as his address of record.  Initial Appeal File (IAF), Tab 6

---

[3] Because timeliness of the appeal is not an issue in this matter, we do not discuss the appellant's arguments related to service of the notice of decision.

at 44. Importantly, the appellant had an obligation to apprise the agency of his correct address. *See Schmitt*, 2022 MSPB 40, ¶ 21 (holding that an employee is generally responsible for keeping his employing agency apprised of any changes in address); *see also* IAF, Tab 6 at 12 (stating, in the agency's standards of conduct, that "[e]mployees must keep the installation head informed of their current mailing addresses"). The appellant does not allege, and the record does not show, that he made *any* effort to correct his address in the agency's records after receiving the July 13, 2020 notice.[4]

¶5      On review, the appellant reiterates that the agency sent the notice of proposed removal to the wrong Josephine Street address, and he was unaware of it until after he was released in October 2021. PFR File, Tab 3 at 4. He asserts that he can provide documentation that the agency had his correct address, as the Postal Inspection Service visited his Cook Street address prior to the issuance of the notice of proposed removal. *Id.* The administrative judge considered this evidence in the initial decision, but she found that it did not persuade her that the appellant did not receive the proposal notice. ID at 19, 22-23. The Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶6      The appellant also argues that 5 C.F.R. § 1201.22(b)(3) applies only to agency decisions, not notices of proposed removal, and it does not alleviate the agency of its obligations to provide the appellant with due process, including notice of the charges against him and an opportunity to respond. PFR File, Tab 3 at 5; *see* 5 C.F.R. § 1201.22(b)(3) ("An appellant is responsible for keeping the

---

[4] The appellant's mother submitted a change of address form following his incarceration on an unrelated offense on September 21, 2020. IAF, Tab 15 at 70-72. However, the change of address form was submitted *after* the agency served the notice of proposed removal to the Josephine Street address.

agency informed of his . . . current home address for purposes of receiving the agency's decision."). We need not resolve the scope of 5 C.F.R. § 1201.22(b)(3) because, as noted above, the appellant does not dispute that he had an obligation to keep the agency informed of his address, and he failed to do so. For the reasons described in the initial decision and herein, we discern no error with the administrative judge's conclusion that the agency's service of the notice of proposed removal comported with due process.

¶7    We have considered the appellant's remaining arguments, but none warrants a different outcome.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.