## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

<table>
<tr><td>JENNIFER NEAL,</td><td>DOCKET NUMBER</td></tr>
<tr><td style="padding-left:2em">Appellant,</td><td>AT-0714-20-0742-I-1</td></tr>
<tr><td style="padding-left:4em">v.</td><td></td></tr>
<tr><td>DEPARTMENT OF VETERANS<br>AFFAIRS,</td><td>DATE: July 21, 2023</td></tr>
<tr><td style="padding-left:2em">Agency.</td><td></td></tr>
</table>

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Neil C. Bonney</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Joy Warner</u>, <u>Karla Brown Dolby</u>, and <u>Sophia E. Haynes</u>, Esquire, Decatur, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's performance-based removal, taken under 38 U.S.C. § 714.  For the reasons set forth below, we DISMISS the agency's petition for review as moot.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

¶2		Effective August 10, 2020, the agency relied upon 38 U.S.C. § 714 to remove the appellant from her GS-11 Field Examiner position for unacceptable performance. Initial Appeal File (IAF), Tab 6 at 17, 19-22. The appellant challenged her removal in the instant appeal. IAF, Tab 1. After developing the record and holding the requested hearing, the administrative judge ruled in favor of the appellant, reversing her removal. IAF, Tab 55, Initial Decision (ID). In short, the administrative judge considered a related decision by the Federal Labor Relations Authority (FLRA) finding that individuals, such as the appellant, should have been afforded performance improvement periods (PIPs) prior to a removal based on unacceptable performance, and thus the appellant's removal was not in accordance with law.[2] ID at 2-6.

¶3		The agency has filed a petition for review, and the appellant has responded. Petition for Review (PFR) File, Tabs 1, 9. The agency has filed a reply. PFR File, Tab 11. Due to intervening events and representations while this appeal was pending on review, including some about the FLRA decision the administrative judge considered, the Office of the Clerk of the Board issued multiple orders seeking information about whether this appeal may have become moot. PFR File, Tab 16, 19, 23. These orders and the parties' responses addressed developments stemming from two different series of arbitration and FLRA decisions pertaining to 38 U.S.C. § 714 and performance-based actions and the agency's bargaining obligations regarding the implementation of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017. PFR File, Tabs 14, 16-20, 22-28; *see U.S. Department of Veterans Affairs Veterans Benefits*

---

[2] The administrative judge ordered the agency to provide interim relief if either party filed a petition for review. ID at 7-8. The parties made various arguments about interim relief on petition for review. PFR File, Tabs 1, 7, 10. After the administrative judge issued her initial decision, the Board held that interim relief is precluded in actions taken under 38 U.S.C. § 714. *Schmidt v. Department of Veterans Affairs*, 2022 MSPB 40, ¶¶ 9-16; *see* 38 U.S.C. § 714(d)(7). In light of our disposition of this appeal, we need not discuss this issue further.

*Administration v. American Federation of Government Employees National Veterans Affairs Council #53*, 71 F.L.R.A. 1113 (2020), *recon. denied* 72 F.L.R.A. 407 (2021) (PIP decisions); *American Federation of Government Employees National Veterans Affairs Council #53 v. U.S. Department of Veterans Affairs*, 71 F.L.R.A. 410 (2019), *recon. denied* 71 F.L.R.A. 741 (2020) (duty to bargain decisions).

¶4      Even though an action may have been within the Board's jurisdiction, subsequent events may render an appeal moot and foreclose the Board's review. *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012).  Mootness can arise at any stage of litigation, and an appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant, as when the appellant, by whatever means, obtained all of the relief she could have obtained had she prevailed before the Board and thereby lost any legally cognizable interest in the outcome of the appeal.  *Id.*  The agency's unilateral modification of its personnel action after an appeal has been filed cannot divest the Board of jurisdiction, unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed.  *Id.*  For an appeal to be deemed moot, the agency's rescission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than she would have been in if the matter had been adjudicated and she had prevailed.  *Id.*

¶5      While its petition for review remained pending, the agency determined that the appellant was entitled to relief pursuant to the FLRA's PIP decisions, including retroactive cancellation of her removal.  PFR File, Tab 18 at 4-5, 84-85, Tab 22 at 4, 7-11.  Both parties have now indicated that the agency cancelled the appellant's removal, returned her to duty, and altogether made her whole.  PFR File, Tab 27 at 4, Tab 28 at 4-5.  Both parties have further indicated that the only issue that remains is attorney fees.  PFR File, Tab 27 at 4, Tab 28 at 4.  However, the incurrence of costs and attorney fees will not prevent dismissal of an appeal

as moot because an attorney fee award under 5 U.S.C. § 7701(g) is considered to be separate from relief on the merits.  *Price*, 118 M.S.P.R. 222, ¶ 8 n.2.

¶6          Because the agency has granted the appellant all the relief the Board could have afforded her in this appeal, the petition for review is dismissed as moot.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.