**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAWRENCE BRENNER,<br>　　　　Appellant, | DOCKET NUMBER<br>NY-0714-19-0007-M-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　Agency. | DATE: April 2, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Alan E. Wolin, Esquire, Jericho, New York, for the appellant.

Aaron L. Robison, Esquire, Sacramento, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The agency has filed a petition for review, and the appellant has filed a cross petition for review of the initial decision, which reversed the appellant's removal. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, DENY the appellant's cross petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, and REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as an Attorney-Advisor with the Department of Veterans Affairs' (DVA) Office of General Counsel. *Brenner v. Department of Veterans Affairs*, MSPB Docket No. NY-0714-19-0007-I-1, Initial Appeal File (IAF), Tab 10 at 23. On September 28, 2018, the agency removed him based on three charges of unacceptable performance in the critical elements of his position: (1) unacceptable performance in the critical element of timeliness for the rating period of October 1, 2016, to September 30, 2017; (2) unacceptable performance in the critical element of professional responsibility and accountability for the rating period of October 1, 2016, to September 30, 2017; and (3) unacceptable performance in the critical element of timeliness for the rating period that began October 1, 2017.[2] *Id.* at 23-28. The decision notice indicated that the removal action was being taken under the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714). *Id.* at 24.

Thereafter, the appellant filed an appeal with the Board challenging the removal and raising, among other things, the affirmative defenses of discrimination based on disability and age, reprisal for filing a prohibited personnel practice complaint and whistleblower reprisal complaint with the Office of Special Counsel, and harmful procedural error. IAF, Tab 1. After holding the appellant's requested hearing, *id.* at 2, the administrative judge issued an initial decision affirming the removal action, IAF, Tab 41. In doing so, she concluded that the agency proved all its charges by substantial evidence, as required by 38 U.S.C. § 714(d)(2)(A). *Id.* at 6-26. Stating that the Board lacks

---

[2] Charge 3 covered the period from October 1, 2017, until the agency proposed the appellant's removal on March 26, 2018. IAF, Tab 10 at 26, 240.

the authority to mitigate the agency's penalty selection, *id.* at 7 (citing 38 U.S.C. § 714(d)(2)-(3)), the administrative judge did not consider the reasonableness of the penalty of removal, but, based on her finding that the agency proved all its charges, she affirmed the removal action, *id.* at 26. Additionally, she found that the appellant failed to prove any of his affirmative defenses. *Id.* at 26-48.

After that initial decision became final, the appellant appealed the decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). Before the Federal Circuit, he argued that (1) the Board erred in concluding that it was prohibited from reviewing the reasonableness of the penalty; and (2) the DVA and the Board improperly applied the VA Accountability Act, which became effective on June 23, 2017, to actions that occurred prior to that date, dating back to October 1, 2016. *See Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1322 (Fed. Cir. 2021). On March 9, 2021, the Federal Circuit issued an opinion, vacating the initial decision and remanding the appeal to the administrative judge. *Id.* at 1330. Regarding the first issue, the court referenced its prior decision in *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020), wherein it found that review of the penalty must be included in the Board's review of an agency action under section 714. *Brenner*, 990 F.3d at 1323-27 (citing *Sayers*, 954 F.3d at 1375-79). Accordingly, in the instant matter, the court found that the administrative judge erred when she concluded that the Board lacked authority to review the agency's penalty selection. *Id.* Regarding the second issue, the court found that the administrative judge erred in applying the VA Accountability Act retroactively to conduct that occurred prior to the statute's effective date, and, therefore, further found that her affirmance of the removal action was not in accordance with the law. *Id.* at 1327-28, 1330. As a result, the court remanded the matter to the Board with instructions to consider whether the removal action, including the penalty, is supported by substantial

evidence based on the evidence that postdates the VA Accountability Act.[3] *Id.* at 1330.

Following the remand, but prior to the issuance of the remand initial decision, the Federal Circuit decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), wherein it found that the DVA erred when it applied the substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. *Id.* at 1296-1301. The same day it decided *Rodriguez*, the Federal Circuit also decided *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021), wherein it found that the DVA and the Board must still apply the *Douglas*[4] factors to the selection and review of penalties in DVA disciplinary actions taken under 38 U.S.C. § 714. *Id.* at 1326-27. Recognizing that these cases affected the adjudication of the appellant's removal appeal, the administrative judge issued an order informing the parties of the Federal Circuit's decisions in *Rodriguez* and *Connor* and reframing the issues on remand to comport with the court's *Brenner* remand opinion, *Rodriguez*, and *Connor*. *Brenner v. Department of Veterans Affairs*, MSPB Docket No. NY-0714-19-0007-M-1, Remand Appeal File (RAF), Tab 16. In doing so, the administrative judge framed the issues to be decided on remand as follows: (1) whether the agency proved by preponderant evidence its three charges based on the evidence of record that postdates the VA Accountability Act; (2) whether the agency considered the *Douglas* factors in determining the appropriate penalty; and (3) whether the penalty of removal is supported by preponderant evidence, in accordance with *Sayers*.[5] *Id.* at 4.

---

[3] The Federal Circuit also explained that, if the agency wished to rely on evidence of record that predated the VA Accountability Act, it must proceed with an action under chapters 75 or 43. *Brenner*, 990 F.3d at 1330.

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

[5] The administrative judge also considered as an issue on remand whether the agency proved charges one and three by preponderant evidence, in light of the deciding

With its close of record submission, the agency submitted declarations made under penalty of perjury from the proposing and deciding officials. RAF, Tab 20 at 22-27, 29-34. In the deciding official's declaration, he stated that the appellant's performance after the effective date of the VA Accountability Act still "satisfied the charges of unacceptable performance in the critical element of timeliness and warranted removal." *Id.* at 23. He further stated that the "evidence file" supports the unsuccessful performance that occurred after June 23, 2017, as cited in all three charges "by a preponderance of the evidence." *Id.* at 25. Finally, he stated that, while he did not complete a "formulaic *Douglas* factor analysis on paper" in this matter, he did consider the relevant *Douglas* factors at the time he made his decision. *Id.* at 26. In the proposing official's declaration, she also asserted that the evidence file supports the charges of unsuccessful performance on conduct that occurred after June 23, 2017, by a preponderance of the evidence and that she considered the relevant *Douglas* factors at the time she proposed the appellant's removal. *Id.* at 32-34.

Without taking additional testimony, RAF, Tab 14 at 1, the administrative judge issued an initial decision on the written remand record, RAF, Tab 23, Remand Initial Decision (RID). In discussing the Federal Circuit's decision in *Rodriguez*, she reasoned that, although the Board's standard of review is "substantial evidence," the DVA was required to prove its charges and chosen penalty by "preponderant evidence." RID at 9-13. In applying this standard of proof to the charges, the administrative judge considered the proposing and deciding officials' declarations asserting that the evidentiary record on the appellant's performance issues postdating June 23, 2017, supported the charges of unacceptable performance by a preponderance of the evidence, but she found that

---

official's admission that the proposing official applied an incorrect standard regarding the timeliness of the appellant's work when discussing his performance under the critical element concerning timeliness. RAF, Tab 16 at 4. Because this is related to the issue of whether the agency proved the charges by preponderant evidence, we do not address this issue separately.

this "post-hoc justification" did not overcome the actual language used in the proposing and decision letters or testimony at the hearing that the charges were supported by substantial evidence. RID at 7-8. Thus, she found that the agency failed to prove the charges by preponderant evidence. RID at 6-8.

Assuming, alternatively, that the agency had met its burden with respect to the charges, the administrative judge then discussed whether it met its burden regarding the reasonableness of the penalty of removal. RID at 9. In her analysis, the administrative judge reiterated that *Connor* requires the DVA to consider the *Douglas* factors. RID at 9. Although she considered the deciding official's declaration asserting that he did consider these factors, the administrative judge found the declaration "unworthy of belief" in light of his prior testimony that he did not consider the *Douglas* factors because they "are not applicable under our current procedure." *Id.*; Hearing Compact Disc (HCD) (testimony of the deciding official). Accordingly, she found that the agency failed to prove that the penalty of removal was supported by preponderant evidence. RID at 9. Based on the foregoing, the administrative judge found that the removal was not in accordance with the law, and she reversed the removal action. RID at 1, 4-5, 13-14. Although the administrative judge determined that the appellant was the prevailing party, she did not order interim relief. RID at 15 (citing 38 U.S.C. § 714(d)(7)).

The agency has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. Therein, it argues that neither of the administrative judge's conclusions that the agency failed to prove its charges by preponderant evidence or to consider the *Douglas* factors renders the removal decision "not in accordance with the law" and that the administrative judge should have applied the "harmful error" analysis. *Id.* at 7, 12-15. It also argues that the administrative judge erred in finding that the deciding official did not consider the relevant *Douglas* factors and in failing to provide the deciding official with an opportunity to determine whether the evidence supported the

charges by preponderant evidence. *Id.* at 15-17. Finally, the agency argues that the administrative judge erred in requiring it to prove before the Board its charges and the reasonableness of the penalty by preponderant evidence, rather than by substantial evidence. *Id.* at 17-18. The appellant has filed a response to the agency's petition for review and has filed a cross petition for review.[6] PFR File, Tab 3. In his cross petition for review, the appellant argues that the administrative judge erred in not ordering interim relief, pursuant to 5 U.S.C. § 7701(b)(2)(A). *Id.* at 29. The agency has replied to the appellant's response to its petition for review, and it has responded in opposition to his cross petition for review.[7] PFR File, Tabs 5-6.

### DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's cross petition for review is denied.</u>

As stated above, the appellant has filed a cross petition for review, arguing that the administrative judge erred in not ordering interim relief despite the fact that she determined that the appellant was the prevailing party in this matter. PFR File, Tab 3 at 29; RID at 15. We discern no error in the administrative judge's decision not to order interim relief. Title 38, United States Code, Section 714(d)(7) provides that, in a removal action taken under § 714, an appellant who files a Board appeal "may not receive any pay, awards, bonuses, incentives, allowances, differentials, student loan repayments, special payments, or benefits

---

[6] The appellant has not challenged the administrative judge's original findings that he failed to establish any of his affirmative defenses. PFR File, Tab 3. We discern no basis to disturb those findings here.

[7] The appellant has also filed a motion for leave to file a reply to the agency's response to his cross petition for review. PFR File, Tab 8. The Office of the Clerk of the Board acknowledged the appellant's motion but explained that the Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response to a petition for review. PFR File, Tab 9 (citing 5 C.F.R. § 1201.114(a)(5)). It informed the appellant that the Board would decide to grant or deny his request. *Id.* at 1. We have reviewed the appellant's motion for leave to file a reply to the agency's response but are not persuaded by his argument regarding the need for the additional submission. 5 C.F.R. § 1201.114(a)(5). Accordingly, the appellant's motion is denied.

related to the employment of the individual by the Department [of Veterans Affairs]" after his or her removal by the agency until "the United States Court of Appeals for the Federal Circuit issues a final decision on such appeal." The Board has construed this language to preclude an award of interim relief in an appeal brought pursuant to 38 U.S.C. § 714. *See Schmitt v. Department of Veterans Affairs*, 2022 MSPB 40, ¶¶ 11-16. Although the appellant argues that 38 U.S.C. § 714(d)(7) "is not applicable to this situation" and asserts that the interim relief provisions set forth in 5 U.S.C. § 7701(b)(2) should govern, PFR File, Tab 3 at 29, the Board has found that, despite the conflicting nature of those two provisions, 38 U.S.C. § 714(d)(7) controls and precludes an award of interim relief, *see Schmitt*, 2022 MSPB 40, ¶¶ 11-16. Accordingly, the appellant's cross petition for review is denied.

<u>The agency's application of the substantial evidence standard of proof to its internal deliberation of the charges is subject to the harmful error standard.</u>

In the agency's decision notice removing the appellant, the deciding official concluded that the agency's charges were supported by substantial evidence. IAF, Tab 10 at 24-26. As explained above, the administrative judge informed the parties of the Federal Circuit's decision in *Rodriguez*, which found that the preponderant evidence is the proper standard for the DVA to apply in determining whether an employee has engaged in misconduct that justifies discipline.[8] RAF, Tab 16; *see Rodriguez*, 8 F.4th 1297-1301. Although the deciding official submitted a declaration stating that the "unsuccessful performance that occurred after June 23, 2017" is supported by a preponderance of the evidence, RAF, Tab 20 at 23, the administrative judge gave greater weight to the "statutorily required decision letter," which relied on "substantial

---

[8] We address later in this Remand Order the administrative judge's apparent confusion in requiring the agency to also prove before the Board its charges by preponderant evidence. Our discussion here is limited to the burden of proof applied by the agency during its internal disciplinary proceedings, which the administrative judge appropriately determined to be in error.

evidence,"[9] CID at 6-8. She, therefore, found that the agency's application of the incorrect standard of proof rendered the removal action "not in accordance with the law." RID at 6-8, 13-14.

In the agency's petition for review, it argues that a failure to apply the correct standard of proof does not render a decision "not in accordance with law" and that the administrative judge should have analyzed the error under a harmful procedural error framework. PFR File, Tab 1 at 7, 12-13. We agree. In *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, the Board held that, because the Board adjudicates an action taken under the VA Accountability Act under 5 U.S.C. § 7701(b)(1), *see* 38 U.S.C. § 714(c)(4)(A), (d)(1), actions taken under 38 U.S.C. § 714 are subject to the harmful error test from 5 U.S.C. § 7701(c)(2), *Semenov*, 2023 MSPB 16, ¶ 23. As such, the proper inquiry here is whether the agency's error in applying the incorrect standard of proof was likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *See id.* (citing *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r)). Accordingly, we vacate the initial decision and remand this appeal for the administrative judge to consider whether the agency committed harmful error.

The agency must prove its charges by substantial evidence before the Board.

If, upon remand, the administrative judge determines that the agency's error in applying the incorrect standard of proof to its internal proceedings was not harmful, the subsequent analysis is whether the agency met its burden of

---

[9] We find nothing inconsistent between the deciding official's statement in the decision notice that the charges are supported by substantial evidence and his later statement in a declaration that the charges are supported by preponderant evidence. IAF, Tab 10 at 24; RAF, Tab 20 at 23-25. A determination that the charges are supported by preponderant evidence necessarily includes an implicit acknowledgment that the charges are also supported by substantial evidence. *See* 5 C.F.R. § 1201.4(p), (q) (explaining that substantial evidence is a "lower standard of proof than preponderance of the evidence"). Thus, we discern no reason to disregard the deciding official's subsequent statement that the charges are supported by preponderant evidence based solely on the fact that he made a prior determination under a lower standard of proof.

proof with respect to the charges before the Board. As noted above, in the remand initial decision, the administrative judge interpreted *Rodriguez* to suggest that, while "the Board's standard of review is 'substantial evidence,' . . . the [D]VA was required to prove its charges [] by 'preponderant evidence.'" RID at 13. Because, as previously explained, the administrative judge did not give weight to the deciding official's declaration explaining that he determined the charges to be supported by preponderant evidence, she found that the agency failed to meet its burden of proof before the Board. RID at 6-8.

Although not directly argued by the agency on review, we find the administrative judge's interpretation of *Rodriguez* to be in error. In that case, the Federal Circuit clarified that "the DVA is not required to prove its case before the Board by a preponderance of the evidence, as is the case for employee disciplinary actions brought under chapter 75 of Title 5" and that "on any appeal to the Merit Systems Protection Board, the administrative judge and the Board will review the [] action under the 'substantial evidence' standard." 8 F.4th at 1297. Thus, the agency was required to prove its charges <u>before the Board</u> by "substantial evidence."

We acknowledge that, in the original initial decision in this matter, the administrative judge found that the agency proved its charges by "substantial evidence."[10] IAF, Tab 41 at 8-26. On review before the Federal Circuit, however, the court concluded that the agency erroneously included in its charges against the appellant performance-related matters that predated the effective date of the VA Accountability Act. *Brenner*, 990 F.3d 1327-30. Therefore, on remand, if the administrative judge determines that the agency's error in applying the incorrect standard of proof to its internal review of the removal action was not harmful, then she must consider whether the agency proved by substantial evidence its three charges of unacceptable performance based only on evidence of

---

[10] Notably, in the *Brenner* opinion, the Federal Circuit did not disturb the administrative judge's application of the "substantial evidence" standard of proof. 990 F.3d at 1321.

record that postdates the June 23, 2017 effective date of the VA Accountability Act. In analyzing an unacceptable performance charge brought under 38 U.S.C. § 714, the administrative judge should consider whether the agency's performance standards are reasonable and provide for an accurate measurement of the appellant's performance, and whether the appellant's performance was unacceptable according to that measurement. *Semenov*, 2023 MSPB 16, ¶ 19.

<u>If applicable, the administrative judge should consider whether the agency proved that the penalty of removal is supported by substantial evidence.</u>

When determining whether the agency's decision to remove the appellant under the VA Accountability Act is supported by substantial evidence, the Board must also consider the agency's penalty choice as part of that review. *Sayers*, 954 F.3d at 1376; *see Brenner*, 990 F.3d at 1323-24. As previously explained, in *Connor*, the Federal Circuit held that the DVA and the Board "must continue to apply the relevant *Douglas* factors in considering the reasonableness of the penalty in [D]VA disciplinary action cases." 8 F.4th at 1326. Accordingly, the administrative judge considered the penalty in the remand initial decision. RID at 9. As stated above, she found that the deciding official's declaration claiming that he considered the *Douglas* factors was "unworthy of belief" in light of the fact that he had previously testified that he did not consider the *Douglas* factors because they were not applicable under the "current procedure." *Id.*; HCD (testimony of the deciding official). Thus, she concluded that the agency failed to prove that the penalty of removal was supported by preponderant evidence, thereby rendering the removal action "not in accordance with the law." RID at 9, 13-14.

On review, the agency argues that, although the deciding official did not formally call it a *Douglas* factor analysis, he nonetheless considered the factors relevant to a proper penalty determination and concluded that the penalty of removal is "appropriate and warranted," as indicated in his declaration. PFR File, Tab 1 at 16-17; RAF, Tab 20 at 25-27. It further argues that, even if the agency

failed to prove that it considered the *Douglas* factors, the proper result is a lack of deference to the deciding official—not a determination that the action was "not in accordance with law." PFR File, Tab 1 at 14-16.

Looking at the deciding official's declaration, we do not find it obvious on its face that the statements made therein contradict his prior testimony. In his testimony, he stated that he did not consider the *Douglas* factors because the agency believed they were not applicable to the current adverse action procedure; however, in his declaration, he stated that consideration of the factors is "generally reflected in [his] written decision" and in his hearing testimony. RAF, Tab 20 at 26. For example, during the hearing, he testified that he considered, among other things: (1) the appellant's job and grade level; (2) whether a lesser penalty would have been more appropriate than removal; (3) whether the appellant lost the trust and confidence of his supervisor that he would perform satisfactorily; (4) whether the appellant showed potential for rehabilitation; and (5) any mitigating factors such as the appellant's workload. HCD (testimony of the deciding official). In the decision notice, the deciding official stated that the deficiencies related to the timeliness critical element were "egregious" and "significant in terms of the Office of General Counsel's ability to provide timely advice to its clients in support of the Department's mission of service to Veterans." IAF, Tab 10 at 26. He also stated that the appellant's deficiencies "undermine [his] supervisor's ability to effectively manage the office and undermine [her] trust that [he] will bring mistakes to her attention." *Id.* Although the deciding official recognized that the appellant had "provided many years of satisfactory service to the agency," he nonetheless determined that "removal is appropriate and the only suitable option." *Id.* at 27. Thus, although the deciding official may not have completed a *Douglas* factor worksheet or some formal analysis similar thereto, he asserts that he nonetheless considered the substance of the factors, and we believe the record supports that assertion. HCD (testimony of the deciding official); RAF, Tab 20 at 26-27.

Moreover, contrary to the administrative judge's assertion in the remand initial decision that the agency's choice of penalty must be supported by preponderant evidence, RID at 9-13, we reiterate that the agency must prove that the penalty is supported by "substantial evidence," *see Sayers*, 954 F.3d at 1376; *Brenner*, 990 F.3d at 1323. Accordingly, on remand, if applicable, the administrative judge should consider whether the penalty of removal is supported by substantial evidence based on the sustained conduct that postdates the VA Accountability Act.

## ORDER

For the reasons discussed above, we remand this case to New York Field Office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall first address whether the agency's error in applying the substantial evidence standard of proof to its original action was harmful. *See* 5 U.S.C. § 7701(a)(1), (b)(1); *Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge determines that the agency's error was not harmful, she should then consider whether the agency proved its charges by substantial evidence based only on evidence that postdates the June 23, 2018 effective date of the VA Accountability Act, and, if so, whether the penalty of removal is supported by substantial evidence and in accordance with *Connor*.

In conducting this adjudication, the administrative judge shall hold a supplemental hearing but may limit the subject matter to issues deemed relevant on remand. She shall then issue a remand initial decision discussing these issues. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the

administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).[11]

FOR THE BOARD:

Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[11] To the extent any of the evidence or argument taken on remand affects the administrative judge's prior discussion of the appellant's affirmative defenses, her remand initial decision should reflect that analysis.