**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GEORGE BERG,<br>        Appellant, | DOCKET NUMBER<br>CH-0714-20-0119-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: May 31, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carson Bridges, Esquire, Dallas, Texas, for the appellant.

Gregory White, Detroit, Michigan, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find on different grounds that the agency failed to prove its charges by substantial evidence, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's request for interim relief is denied.</u>

Under 5 U.S.C. § 7701(b)(2)(A), an employee or applicant for employment who prevails in an appeal to the Board must be granted interim relief provided in the initial decision, if a petition for review of the initial decision is filed with the Board. However, the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, §202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714), provides that, from the date a covered individual appeals a removal taken under 38 U.S.C. § 714 until the U.S. Court of Appeals for the Federal Circuit issues a final decision on the appeal, the individual "may not receive any pay, awards, bonuses, incentives, allowances, differentials, student loan repayments, special payments, or benefits related to the employment of the individual by the [agency]." 38 U.S.C. § 714(d)(7).

The Board has held that 38 U.S.C. § 714(d)(7) controls in these types of cases and precludes an award of interim relief. *Schmitt v. Department of Veterans Affairs*, 2022 MSPB 40, ¶ 16. Additionally, the appellant's arguments

in this regard are now moot, because interim relief would be in effect only pending the disposition of a petition for review. *See* 5 U.S.C. § 7701(b)(2)(A); *Garcia v. Department of State*, 106 M.S.P.R. 583, ¶ 7 (2007). Accordingly, we deny the appellant's request.

Legal standard under 38 U.S.C. § 714

Under 38 U.S.C. § 714(a), the Secretary of the Department of Veterans Affairs may remove, demote, or suspend a covered employee upon the Secretary's determination that the employee's performance or misconduct warrants such removal. A covered employee may appeal a removal, demotion, or suspension of greater than 14 days to the Board. 38 U.S.C. § 714(c)(4)(A). The statute further provides that the administrative judge must sustain the agency's decision to remove if it is supported by substantial evidence. *See* 38 U.S.C. § 714(d)(2)(A). The Board's regulations define substantial evidence as the degree of relevant evidence that a reasonable person, considering the evidence as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

The statute further provides that, if the agency's decision is supported by substantial evidence, the administrative judge may not mitigate the penalty. 38 U.S.C. 714(d)(2)(B). However, our reviewing court has clarified that section 714 nonetheless "requires the Board to review for substantial evidence the entirety of the [agency's] decision—including the penalty—rather than merely confirming that the record contains substantial evidence that the alleged conduct actually occurred." *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1376 (Fed. Cir. 2020).

The administrative judge erred in considering the appellant's due process claim in her analysis of the charges.

It is well established that denial of constitutional due process is an affirmative defense for which the appellant bears the burden of proof. *See, e.g., Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶12 (2016)

(finding that the appellant failed to prove his due process affirmative defense); *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶¶ 10-11 (2013) (remanding for further adjudication of the appellant's due process claim, including notice of his burden of proof); *see also* 5 C.F.R. § 1201.56(b)(2)(i)(C) (providing that the appellant bears the burden of proving affirmative defenses by a preponderance of the evidence). Hence, contrary to the analysis in the initial decision, the question of whether the agency denied the appellant due process is ordinarily distinct from the question of whether the agency met its burden of proving the charged misconduct. As discussed below, however, we find on other grounds that the agency failed to meet its burden of proving the charges by substantial evidence.

<u>The agency failed to prove the charge of failure to follow purchase card requirements.</u>

Under the charge of failure to follow purchase card requirements, the agency set forth the following specifications:

> **SPECIFICATION 1**: Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AIB) was convened on August 21, 2019. During this investigation it was determined that you were aware of utility services being paid with a Government Purchase Card (GPC) due to a lapsed contract. This is a violation of Service Contract Labor Standards.

> **SPECIFICATION 2:** Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AIB) was convened on August 21, 2019. During this investigation it was determined that you are aware of your subordinate, [the Administrative Officer], using split purchases to pay bills over the purchase card threshold for services that were covered by lapsed contracts. This is a violation of Purchase Card Policies.

> **SPECIFICATION 3:** Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AIB) was convened on August 21, 2019. During this

investigation it was determined that you approved eighteen (18) transactions between 1/31/2018 and 8/8/2019 for [Maurer's] Textile Rental Service through Government Purchase Card (GPC) program totaling $37,276.93. This is a violation of Purchase Card Policies.

**SPECIFICATION 4**: Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AIB) was convened on August 21, 2019. During this investigation it was determined that you are aware of your subordinate, [the Administrative Officer], us[ing] his Government Purchase Card (GPC) for services already included in contracts with the facility. This is a violation of Purchase Card Policies.

Initial Appeal File (IAF), Tab 8 at 31-32.

The Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency, and may not substitute what it considers to be a more adequate or proper basis. *Gottlieb v. Veterans Administration*, 39 M.S.P.R. 606, 609 (1989). Hence, in order to prove the specifications as written, the agency must show by substantial evidence that the appellant engaged in the alleged conduct. The agency must show that the appellant's conduct constituted failure to follow purchase card policies, and not some other form of misconduct that it could have charged but did not.

As for the agency's supporting evidence, it is not our obligation to sift through more than 5,000 pages of unlabeled, unindexed documents. *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002) ("[I]t is not the Board's obligation to 'pore through the record' . . . or to construe and make sense of allegations . . . set forth at various parts of an extremely voluminous case file.") A party whose submissions lack clarity risks being found to have failed to meet its burden of proof. *Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 8 (2000). Accordingly, in assessing whether the specifications are supported by substantial evidence, we will consider only those portions of the record which the agency explicitly identified by tab and page number in its closing submission below.

With regard to specification 1, even assuming that the appellant was aware of utility services being paid with a Government Purchase Card (GPC) due to a lapsed contract, the agency has not explained how such awareness would itself constitute a violation of Service Contract Labor Standards. Accordingly, specification 1 is NOT SUSTAINED.

As to specifications 2 and 4, the agency has not explained how the appellant's awareness of the Administrative Officer's conduct would itself constitute a violation of Purchase Card Policies. Accordingly, specifications 2 and 4 are NOT SUSTAINED.

With regard to specification 3, the agency cites a portion of the evidence file purportedly showing that the appellant approved the transactions in question. IAF, Tab 54 at 5-11, Tab 91 at 17. However, while the transaction records bear the name of the Administrative Officer, the cited documents do not indicate that the appellant personally approved the transactions. IAF, Tab 54 at 5-11. Accordingly, specification 3 is NOT SUSTAINED. Because the agency has not established any of the underlying specifications by substantial evidence, the charge of failure to follow purchase card requirements is NOT SUSTAINED.

<u>The charge of failure to properly follow supervisory functions is not sustained.</u>

Under the charge of failure to properly follow supervisory functions, the agency set forth the following specifications:

**SPECIFICATION 1**: Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AIB) was convened on August 21, 2019. During this investigation it was determined that you were aware of a Community Based Outpatient Clinic losing power due to failure to pay for utilities and took no remedial action. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

**SPECIFICATION 2**: Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AIB) was convened on August 21, 2019. During this

investigation it was determined that you signed an audit documenting [the Administrative Officer's] deficiency in purchase card management and failed to take appropriate action. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

**SPECIFICATION 3**: Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AIB) was convened on August 21, 2019. During this investigation it was determined that you were aware of utility contracts under [the Administrative Officer's] responsibility that lapsed. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

**SPECIFICATION 4:** Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AIB) was convened on August 21, 2019. During this investigation it was determined that you were aware of contracts that have lapsed under [the Administrative Officer's] responsibility for cable services. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

**SPECIFICATION 5:** Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AlB) was convened on August 21, 2019. During this investigation it was determined that you were aware of contracts that have lapsed under [the Administrative Officer's] responsibility for internet services. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

**SPECIFICATION 6:** Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AlB) was convened on August 21, 2019. During this investigation it was determined that you were aware of contracts that have lapsed under [the Administrative Officer's] responsibility for waste management services. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

**SPECIFICATION 7:** Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation

Board (AlB) was convened on August 21, 2019. During this investigation it was determined that you were aware of contracts that have lapsed under [the Administrative Officer's] responsibility for automatic doors maintenance. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

**SPECIFICATION 8:** Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AlB) was convened on August 21, 2019. During this investigation it was determined that you were aware of contracts that have lapsed under [the Administrative Officer's] responsibility for PACS security systems. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

**SPECIFICATION 9:** Due to an investigation of the use of purchase cards, vendor agreements, and service contract management in the Facilities Management Service an Administrative Investigation Board (AlB) was convened on August 21, 2019. During this investigation it was determined that you were aware of contracts that have lapsed under [the Administrative Officer's] responsibility for networking. As [the Administrative Officer's] supervisor, your conduct is unacceptable.

IAF, Tab 8 at 32-33.

As with the specifications underlying the first charge, for the same reasons discussed above, we decline to pore over the more than 5,000 pages of unlabeled, unindexed documents contained in the evidence file, and will limit our attention to the portions of the record explicitly cited in the agency's closing submission. *Keefer*, 92 M.S.P.R. 476, ¶ 18 n.2; *Luecht*, 87 M.S.P.R. 297, ¶ 8.

Regarding specifications 1 and 2, the agency has not identified where the Board may find supporting evidence for these specifications in the voluminous case file. *See Keefer*, 92 M.S.P.R. 476, ¶ 18 n.2; *Luecht*, 87 M.S.P.R. 297, ¶ 8. For example, the findings and conclusions set forth in the Report of Investigation (ROI) do not include the conduct alleged under specifications 1 and 2. *Compare* IAF, Tab at 32 (notice of proposed removal), *with* Tab 21 at 131-38 (ROI). Because the agency has not shown by substantial evidence that the alleged facts

were "determined" during the AIB investigation, specifications 1 and 2 are NOT SUSTAINED.

Specifications 3 through 9 list seven instances in which the appellant was allegedly aware that a particular contract, under the responsibility of the Administrative Officer, had lapsed. IAF, Tab 8 at 32-33. The contracts listed include contracts for utilities (specification 3), cable services (specification 4), internet services (specification 5), waste management services (specification 6), automatic door maintenance (specification 7), security systems (specification 8), and networking (specification 9). *Id.* In its closing submission, the agency states in support of each specification that the appellant "admitted that he was aware of these contracts having lapsed in his service," and cites to the same page of the transcript of the appellant's AIB interview. IAF, Tab 90 at 19-23; *see* IAF, Tab 71 at 47.[2] On that page of the transcript, the appellant generally states that he had conversations with the Administrative Officer concerning lapsed contracts, but his statement does not indicate whether he was aware of any of the specific lapsed contracts identified in specifications 3 through 9. IAF, Tab 71 at 47. Nor has the agency cited other evidence speaking to the appellant's knowledge of those particular lapsed contracts. Moreover, the agency has not explained how the appellant's awareness of lapsed contracts would, by itself, constitute a failure to properly follow supervisory functions. Accordingly, specifications 3 through 9 are NOT SUSTAINED. Because the agency has not established any of the underlying specifications by substantial evidence, the charge of failure to properly perform supervisory functions is NOT SUSTAINED.

Having found that the agency failed to prove its charges by substantial evidence, we affirm the reversal of the appellant's removal. We do not reach the

---

[2] The agency cites to "IAF, Tab 71 at 44," which does not contain relevant information. We generously assume that the agency intended to cite to the portion of the interview found at page 47 of the same tab, corresponding to page 30 of the original interview transcript. *See* IAF, Tab 21 at 133 (ROI, finding of fact #14) (citing page 30 of the interview transcript).

merits of the parties' arguments concerning due process and the reasonableness of the penalty.

## ORDER

We ORDER the agency to cancel the removal and retroactively restore the appellant effective December 10, 2019. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.