**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSEPH SCHMITT,<br>        Appellant,<br><br>        v.<br><br>DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DOCKET NUMBER<br>SF-0714-18-0121-X-1<br><br><br>DATE: September 5, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph Schmitt, Reno, Nevada, pro se.

Clifford Speakman, Albuquerque, New Mexico, for the agency.

Steven R. Snortland, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1    This case is before the Board pursuant to a November 17, 2023 compliance initial decision finding the agency in noncompliance with the Board's December 12, 2022 Final Order. *Schmitt v. Department of Veterans Affairs*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

MSPB Docket No. SF-0714-18-0121-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID); *Schmitt v. Department of Veterans Affairs*, 2022 MSPB 40. For the reasons set forth below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2 On December 12, 2022, the Board issued a Final Order affirming the reversal of the appellant's removal and directing the agency to cancel the appellant's removal and restore him to his position effective November 28, 2017. *Schmitt*, 2022 MSPB 40, ¶ 28. The Board also ordered that the agency pay the appellant the correct amount of back pay, interest on the back pay, and other benefits. *Id.*

¶3 On June 8, 2023, the appellant filed a petition for enforcement alleging that the agency had not provided him with back pay. CF, Tab 1 at 4-6. On November 17, 2023, the administrative judge issued a compliance initial decision finding the agency in noncompliance and ordering the agency to pay the appellant the appropriate amount of back pay, interest on the back pay, and benefits from November 28, 2017, until the appellant's resignation on April 17, 2018. CID at 2, 6.

¶4 On December 8, 2023, pursuant to 5 C.F.R. § 1201.183(a)(6)(i), the agency filed a statement of compliance, which calculated the appellant's net back pay to equal $33,669.12, and provided his record of leave data. *Schmitt v. Department of Veterans Affairs*, MSPB Docket No. SF-0714-18-0121-X-1, Compliance Referral File (CRF), Tab 1 at 2-5. Neither party filed a petition for review of the compliance initial decision.

¶5 On December 18, 2023, the Clerk of the Board issued an acknowledgement order noting the agency's filing and informing the appellant that he must file any response within 20 calendar days. CRF, Tab 2 at 1-2. The order specifically

informed the appellant that if he failed to file a response, the Board might assume he was satisfied and dismiss the petition for enforcement. *Id.*

¶6 On January 2, 2024, the agency filed a Supplemental Submission on Compliance, which included settlement data from the Defense Finance and Accounting Service (DFAS) setting forth: (1) the appellant's back pay calculations; (2) a remedy ticket, which included the appellant's gross back pay, interest, and deductions withheld, for a net total of $33,669.12; (3) records of the appellant's leave; and (4) a back pay computation summary report, which included the amounts of interest on the back pay. CRF, Tab 3.

¶7 On February 28, 2024, the Office of the Clerk of the Board issued an order directing the appellant to file a response to the agency's pleading within 21 days of the order, or the Board would assume he was satisfied and dismiss the petition for enforcement. CRF, Tab 6 at 2.

¶8 On March 20, 2024, the appellant filed a response to the agency's submissions. CRF, Tab 7. He noted that he had he received the agency's payment on December 12, 2023; however, he alleged that the agency "was directed to compensate the Appellant with back pay amounting to $39,998.52," but underpaid him by $6,410.68; that the total interest owed him "as of July 18, 2018" was $9,240.23, but the agency overpaid him by $1,556.09; and that he received $2,769.79 for his annual leave lump sum, which was an underpayment of $1,151.57. *Id.* at 4-5. The appellant also contended that the agency's filing did not contain a comprehensive breakdown of the payments and a detailed account of the calculations involved. *Id.* at 5.

¶9 On April 5, 2024, the agency filed a supplemental submission addressing the appellant's arguments. CRF, Tab 8. It submitted a narrative explanation of its calculations by the Executive Director of the Financial Services Center in the Department of Veterans Affairs; DFAS settlement spreadsheets that break down the appellant's earnings by pay period for 2017 and 2018; evidence explaining the calculations, including the DFAS remedy ticket that detailed the appellant's

earnings, deductions, and interest, and back pay summary computations regarding the accrual of interest; and provided evidence and argument showing that it otherwise complied with the compliance initial decision. *Id.* The appellant did not file a response.

## ANALYSIS

¶10 The agency bears the burden of proving that it has complied with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010). The agency is required to produce relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 443 (1996). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶11 In the agency's most recent filing on April 5, 2024, it provided evidence and argument that it had paid the appellant the correct amount of back pay, interest on the back pay, and other benefits. Specifically, the agency submitted evidence detailing the calculation of the appellant's back pay in the form of a narrative statement from the Executive Director of the Financial Services Center explaining the agency's methodology in calculating the amounts owed to the appellant. CRF, Tab 8 at 8-11. The agency also submitted DFAS's settlement statements breaking down his back pay by pay period for 2017 and 2018, and the appellant's DFAS remedy ticket, which listed a back pay payment in the gross amount of $33,587.84, with interest of $10,976.32, and a lump sum annual leave amount of $5,084.31 (minus a leave debt of $2,314.52, which had been paid at the time of appellant's removal), as well as certain deductions for his retirement benefits and taxes, resulting in a net payment of $33,669.12. CRF, Tab 8 at 13-17.

¶12   The appellant has not responded to the agency's April 5, 2024 filing. In his March 24, 2024 submission, he provided alternative amounts for the back pay, interest on the back pay, and benefits but did not identify any specific errors in the agency's calculations or explain or otherwise support his calculations with evidence. CRF, Tab 7. We find that the agency's detailed explanation of its calculations, supported by documentary evidence, suffices to meet its burden to prove that it has complied with the compliance initial decision, particularly in light of the appellant's failure to respond and his prior failure to explain why he believed the agency's calculations were incorrect.

¶13   In light of the foregoing, we find that the agency is now in compliance and DISMISS the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.